Jordon R. Harlan, Esq. (CA #273978)
**HARLAN HILLIER DIGIACCO LLP**
122 43rd Street
Manhattan Beach, CA 90266
Telephone: (619) 330-5120
Fax: (619) 839-3895
Email: jordon@hhdlaw.com

Adam J. Kress, Esq. (MN #0297289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
          arick@johnsonbecker.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **NOHA HAMMAD**, an individual,<br><br>                      Plaintiff,<br><br>      v.<br><br>**SHARKNINJA OPERATING, LLC,** a Massachusetts Limited Liability Company,<br><br>                      Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1.     Strict Products Liability<br><br>2.     Negligent Products Liability |

Plaintiff, **NOHA HAMMAD** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN HILLIER**

1

COMPLAINT AND DEMAND FOR JURY TRIAL

**DIGIACCO LLP**, hereby submits the following Complaint and Demand for Jury Trial against Defendant SHARKNINJA OPERATING, LLC (hereafter referred to as "Defendant SharkNinja" or "Defendant") alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was seriously injured by simply opening the box of a SharkNinja blender.

2. Defendant SharkaNinja Operating, LLC manufactures, markets, imports, distributes and sell a wide-range of consumer products, including the subject "Ninja Professional Plus Blender," which specifically includes the Model CO401B (hereafter referred to as "subject blender" or "Ninja blender(s)") that is at issue in this case.

3. On or about December 2, 2022, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly being improperly and safely packaged.

4. Specifically, on December 2, 2022, Plaintiff decided to use the family's brand new Ninja blender, which her husband had purchased earlier that day. As Plaintiff opened the box and began to remove the blender, the loose blade fell out and bit into her right leg, near her knee.

5. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF NOHA HAMMAD

6. Plaintiff is a resident and citizen of the City of Canyon Country, County of Los Angeles, State of California.  Plaintiff therefore is a resident and citizen of the State of California for purposes of diversity pursuant to 28 U.S.C. § 1332.

7. On or about December 2, 2022, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade

assembly being improperly and safely packaged. Specifically. as Plaintiff opened the box and began to remove the blender, the loose blade fell out and bit into her right leg, near her knee.

### DEFENDANT SHARKNINJA OPERATING, LLC

8.    Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Express Chop food processor.

9.    Defendant SharkNinja Operating, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Massachusetts, County of Norfolk. Its sole member is EP Midco, LLC.

10.    EP Midco, LLC, is a limited liability company created and organized under the laws of the State of Delaware with its principal place of business in the State of Massachusetts. Its sole member is Global Appliance UK Holdco Ltd.

11.    Global Appliance UK Holdco Ltd. is a foreign corporation organized under the laws of the United Kingdom, with its principal place of business located in England.

12.    Accordingly, Defendant SharkNinja is a resident and citizen of the United Kingdom and England for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

### JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

COMPLAINT AND DEMAND FOR JURY TRIAL

15. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has had sufficient minimum contacts with the State of California and has intentionally availed itself of the markets within the State of California through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

16. Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

17. Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

18. The blade assembly packaging solely consists of a thin, plastic covering. There are no other safeguards – not even cardboard – that would prevent the consumer from being lacerated upon opening the blender's box.

19. On December 2, 2022, Plaintiff decided to use the family's brand new Ninja blender, which her husband had purchased earlier that day. As Plaintiff opened the box and began to remove the blender, the loose blade fell out and bit into her right leg, near her knee.

20. Plaintiff *attempted* to use her Ninja blender for its intended purpose of preparing meals and drinks for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant.

21. However, the aforementioned Ninja blender was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly was improperly packaged.

22. Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers.

24. Economic, safer alternative designs (eg. a simple carboard covering) were

4
COMPLAINT AND DEMAND FOR JURY TRIAL

available that could have prevented the Ninja blender's blade for lacerating an unwary consumer.

25.   As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

26.   Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**FIRST CAUSE OF ACTION**

**<u>STRICT PRODUCTS LIABILITY</u>**

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST SHARKNINJA OPERATING, LLC, ALLEGES AS FOLLOWS:

27.   Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

28.   At the time of Plaintiff's injuries, Defendant's Blender was defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29.   Defendant's Blender was in the same or substantially similar condition as when it left the possession of the Defendant.

30.   Plaintiff and her family did not misuse or materially alter the Blender; nor were they afforded any opportunity to do so.

31.   The Blender did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

32.   Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the blender safe.

33.   Specifically, Defendant's blenders are unreasonably dangerous due to its loose, unsecured, uncovered blade assembly is able to fall out of the box during the normal,

5

COMPLAINT AND DEMAND FOR JURY TRIAL

intended use of opening the box of the Ninja blender, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

34.     Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

**SECOND CAUSE OF ACTION**

**NEGLIGENT PRODUCTS LIABILITY**

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGAINST SHARKNINJA OPERATING, LLC, ALLEGES AS FOLLOWS:

35.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

36.     Defendant SharkNinja had a duty of reasonable care to design, manufacture, market, and sell non-defective Blenders that were reasonably safe for its intended uses by consumers, such as Plaintiff and her family.

37.     Defendant SharkNinja ailed to exercise ordinary care in the sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of the Blender in that Defendant knew or should have known that a complete lack of packaging over blades created a high risk of unreasonable harm to the Plaintiff and consumers alike.

38.     Despite the fact that Defendant knew or should have known about the Defect described herein, Defendant continues to market (and continues to do so) the blender to the general public with the same lack of adequate packaging.

39.     Defendant SharkNinja's negligence resulted in Plaintiff's injuries.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

**INJURIES & DAMAGES**

40.     As a direct and proximate result of Defendant's negligence and wrongful

6

COMPLAINT AND DEMAND FOR JURY TRIAL

misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

41.    As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

42.    As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the injuries she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A.    That Plaintiff has a trial by jury on all of the claims and issues;

B.    That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C.    That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective product;

D.    That all costs be taxed against Defendant;

E.    That prejudgment interest be awarded according to proof;

///

7

COMPLAINT AND DEMAND FOR JURY TRIAL

F.     That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.


Dated: November 5, 2024                    **HARLAN HILLIER DIGIACCO LLP**

                                           */s/ Jordon R. Harlan, Esq*
                                           Jordon R. Harlan, Esq. (CA #273978)
                                           122 43rd Street
                                           Manhattan Beach, CA 90266
                                           Telephone: (619) 330-5120
                                           Fax: (619) 839-3895
                                           Email: jordon@hhdlaw.com

                                           *In association with*:

                                           **JOHNSON BECKER, PLLC**

                                           Adam J. Kress, Esq. (MN #0297289)
                                           *Pro Hac Vice to be filed*
                                           Anna R. Rick, Esq. (MN #0401065)
                                           *Pro Hac Vice to be filed*
                                           444 Cedar Street, Suite 1800
                                           St. Paul, MN 55101
                                           Telephone: (612) 436-1800
                                           Fax: (612) 436-1801
                                           Email: akress@johnsonbecker.com
                                           Email: arick@johnsonbecker.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**Dated: November 5, 2024**                    By:    */s/ Jordon R. Harlan, Esq.*
                                               **Jordon R. Harlan, Esq. (CA #273978)**

COMPLAINT AND DEMAND FOR JURY TRIAL